UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE CENTER FOR BIOLOGICAL
DIVERSITY, *et al.*,

      Plaintiffs,

v.

                              Case No.:  2:26-cv-1072-SPC-KRH

BRIAN NESVIK, in his official
capacity as Director of the United
States Fish and Wildlife Service, *et
al.*,

      Defendants.

## **OPINION AND ORDER**

Before the Court is Defendant Tarpon Blue Silver King I, LLC, d/b/a Collier Enterprises' ("C.E.") motion to transfer.  (Doc. 19).  Plaintiffs The Center for Biological Diversity, The Sierra Club, and The South Florida Wildlands Association responded.  (Doc. 29).  Upon review of the parties' briefs and the record, the Court denies the motion.

This is an action brought under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–44, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06.  Plaintiffs' claims relate to permits issued for a development project in Collier County that they argue threatens the endangered Florida panther.  (*See generally* Doc. 1).

C.E. moves for intra-division transfer under M.D. Fla. R. 1.07 to United States District Judge Kyle C. Dudek.  It argues that "a related case presenting overlapping issues" is currently before Judge Dudek and therefore transfer would advance judicial efficiency as well as prevent inconsistent rulings.  (Doc. 19 at 1–2) (citing *Nat'l Audubon Soc'y, Inc. v. U.S. Army Corps of Eng'rs*, No. 2:25-cv-684, 2026 WL 809573 (M.D. Fla. Mar. 24, 2026) ("*Audobon*")).

"If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action."  M.D. Fla. R. 1.07(a)(2)(B).  The decision to transfer a case "is vested in the sound discretion in the [proposed transferor] Court."  *Daniels v. Gov't Emps. Ins. Co.*, No. 8:19-CV-2612-T-35SPF, 2020 WL 6599420, at *2 (M.D. Fla. Jan. 15, 2020).  "[C]ourts within the Middle District consider [1] a plaintiff's opposition to the transfer, [2] the convenience of the parties, [3] efficiency, and [4] the interests of justice" in deciding a motion brought under Rule 1.07.  *Health Freedom Def. Fund, Inc. v. Biden*, 572 F. Supp. 3d 1257, 1262 (M.D. Fla. 2021) (citation omitted).

Based on the foregoing factors, the Court denies C.E.'s motion to transfer.  The first factor weighs against transfer, as Plaintiffs oppose C.E.'s motion. (Doc. 29).  And the second factor favors neither party, given that C.E. seeks transfer within the same division.  So that leaves the factors of efficiency and the interests of justice.

As to efficiency, the Court finds no meaningful benefit in transferring the case. *Audobon* and the case before the Court are being litigated by different parties, relate to challenges of different agency review processes, pertain to different development projects, and are premised upon different causes of action. (*Id.* at 4–8). Because there are "meaningful differences in the relief sought, the [parties] present, and the facts . . . [t]ransferring this case would work against the efficiency goals that undergird Local Rule 1.07."[1] *Parnell ex rel Donovan Doe v. Sch. Bd.*, No. 5:23-cv-381, 2023 WL 6292347, at \*2–3 (M.D. Fla. July 7, 2023).

Finally, the interests of justice do not warrant transfer. C.E. argues that transferring the case would help avoid inconsistent rulings because both actions challenge "the same analytical framework to identify impacts on the [Florida] panther." (Doc. 19 at 2, 9). But it offers no authority from this circuit to justify this argument.[2] And, as Plaintiffs point out, C.E.'s argument, taken to its logical conclusion, could mean all ESA actions regarding the Florida panther should proceed before a single district judge. (Doc. 29 at 10 n.6). Given

---

[1] The two cases are also at vastly different stages of litigation. In *Audobon*, Judge Dudek ruled on a preliminary injunction motion and summary judgment briefing has begun. Meanwhile, this case is barely more than a month old and no motions apart from the motion to transfer are pending. So, at best, the two cases would proceed on separate tracks even if they were before the same judge.

[2] In fact, C.E. cites only one case, *Singh v. McConville*, 187 F. Supp. 3d 152 (D.D.C. 2016), to support its argument. *McConville* is not binding authority, and in any event, the Court finds it inapposite for the reasons Plaintiffs delineate. (Doc. 19 at 9 n.5).

the myriad differences between the two cases, the Court finds the interests of justice do not support departing from random assignment. *See Disability Advocs. & Counseling Grp., Inc. v. Betancourt*, 379 F. Supp. 2d 1343, 1364 (S.D. Fla. 2005) (noting that random assignment "protects the integrity of the judicial system by leaving the pairing of cases and judges to chance") (quotation omitted). In sum, C.E. fails to demonstrate that transfer is appropriate, and the Court will keep this case.

Accordingly, it is

**ORDERED:**

Defendant Tarpon Blue Silver King I, LLC, d/b/a Collier Enterprises' motion to transfer (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4